UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT PAULY and SANDRA PAULY,

    Plaintiffs,

v.                                                                       Case No.:  2:23-cv-259-SPC-KCD

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Hartford Insurance Company of the Midwest's Motion to Compel Inspection. (Doc. 27.)[1] Plaintiffs have responded (Doc. 29), making this matter ripe. For the reasons below, Hartford's motion is granted.

## I. Background

Plaintiffs allege they submitted an insurance claim for hurricane damage to their home that Hartford will not pay. To recover the funds purportedly owed, Plaintiffs filed this suit for breach contract. (Doc. 5.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Hartford is now asking for an "[o]rder from this Court . . . compelling Plaintiffs to coordinate access to inspect the subject property." (Doc. 27 at 1.) Hartford has retained two experts—a "general contractor/roofer" and "an engineer"—who need "to inspect the claimed damage and opine on the cause." (*Id.* at 2.)

While Plaintiffs initially agreed to the inspection, they now object on several grounds. They note that Hartford had both a field adjuster and an engineer examine the home during the claims process. (Doc. 29 at 1.) According to Plaintiffs, this renders any further inspection duplicative, and Hartford "fails to address any grounds for why it needs a [re-inspection of] the property." (*Id.* at 3.) Another engineering inspection is especially problematic, according to Plaintiffs, because "the late-stage introduction of a new causation expert [will] allow [Hartford] two (2) experts in the field of engineering (not the requisite one)." (*Id.* at 6.) Finally, "bringing a roofer/general contractor into the lawsuit at this point will similarly prejudice Plaintiffs" because they will have to hire a rebuttal expert. (*Id.* at 7.)

## II. Discussion

Federal Rule of Civil Procedure 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey,

2

photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Requests "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A).

In accordance with Rule 26(b), a court evaluating a request to permit entry under Rule 34 will consider the relevance of the inspection and balance the value of the information sought with the burden of the proposed intrusion. *See Murphy v. Cooper Tire & Rubber Co.*, No. 5:08CV40/RS/EMT, 2008 WL 3926715, at *3-4 (N.D. Fla. Aug. 21, 2008); *Tesler v. Costa Crociere S.p.A.*, No. 08-60323-CIV, 2008 WL 4371319, at *1 (S.D. Fla. Sept. 19, 2008).

All things considered, the scales tip in Hartford's favor. While Plaintiffs' property has already been examined, those inspections occurred before this lawsuit. That distinction matters because it changes the posture of the dispute. Before Hartford was assessing Plaintiffs' insurance claim, but now it's conducting discovery regarding the claims and defenses. Recognizing that the discovery rules are designed to "allow the parties to develop fully and crystalize concise factual issues for trial," and "are to be broadly and liberally construed," *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973), the Court finds that Hartford's request to inspect the property again is not unreasonable.

The Court is similarly unpersuaded by Plaintiffs' claim that Hartford "has failed to . . . describe with reasonable particularity each item or category

3

of items to be inspected." (Doc. 29 at 2.) It's clear what the inspection will entail. The "contractor/roofer" will "measure, survey, and photograph the condition of the interior and exterior of the property." (Doc. 27 at 2.) The engineer, meanwhile, "will inspect the claimed damage and opine on [its] cause." (*Id.*) All of this is to occur at a coordinated time, and neither expert will conduct any destructive testing. (*Id.*) Nothing more is required under Rule 34. *See McKathan v. Great Am. Ins. Co.*, No. 5:18-CV-284-OC-30PRL, 2019 WL 1506871, at *3 (M.D. Fla. Apr. 5, 2019).

The Court also declines to withhold the inspection based on Plaintiffs' concerns about added expert discovery. The deadline for expert disclosures is months away. Thus, contrary to Plaintiffs' claim, this is not a case where Hartford is attempting to add an expert "at [a] late stage." (Doc. 29 at 5.) To the extent Plaintiffs believe it unfair to "allow [Hartford] two (2) experts in the field of engineering," they may file a motion in limine. (Doc. 29 at 6.) That is the appropriate mechanism to address cumulative expert evidence. And finally, there is nothing that obligates Plaintiffs to expend further resources in response to the inspection. But even if that were true, "[t]the mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship . . . does not of itself require denial of the motion." *Tesler*, 2008 WL 4371319, at *2.

One last ancillary issue. Although Hartford did not request fees or expenses, Rule 37 contemplates them if a motion to compel is granted. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court finds Plaintiffs' objection to the inspection substantially justified, and thus no such relief is warranted here. *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (explaining that "an individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action").

It is thus **ORDERED**:

1. Hartford's Motion to Compel Inspection (Doc. 27) is **GRANTED** under the conditions above.

2. The parties shall confer and agree on mutually-agreeable date(s) and time(s) for Hartford to inspect and perform any testing on the property.

3. The inspection and testing shall be completed within thirty days of this order.

**ENTERED** in Fort Myers, Florida on August 11, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record