UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NUMBER: 2:23-cv-00259-SPC-KCD

ROBERT PAULY and SANDRA PAULY,

    Plaintiffs,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.

_____/

## **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DOCUMENT PRODUCTION**

COMES NOW, the Defendant, and files this Response to Plaintiffs' Motion to Compel Defendant to Produce Documents [D.E. 42] and states in response:

1.    Plaintiff propounded discovery with the Complaint that was originally served in state court.

2.    The parties agreed that Defendant would respond to the original discovery requests on or before May 31, 2023.

3.    On May 31, 2023, Defendant timely served its responses to the Request for Production, along with the attached privilege log.[1]

---

[1] See Composite **Exhibit A**, Service of Court email attaching Response to Request for Production and Privilege Log.

4.      At issue, Defendant objected to Request number 4, which seeks the discovery of "the complete claim files pertaining to the subject loss," including but not limited to "home office, regional and field adjuster files."

5.      The basis of Defendant's objection was the fact that the request was not proportional to the needs of this case, and was in essence overbroad. Specifically, the request was so all-encompassing, that it included documents generated after a claims decision was issued and potentially bad faith discovery.

6.      Generally, the District Courts in Florida's Middle District generally recognize that "documents or things prepared before the final decision on an insured's claim are not work product, and that documents produced after claims denial are work product." See *Allen v. First Unum Life Ins. Co.*, No. 2:18-CV-69-FTM-29MRM, 2020 WL 6882169, at *8 (M.D. Fla. Sept. 30, 2020)(citing *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, No. 6:04-cv-1838-Orl-22JGG, 2006 WL 1733857, at *2 (M.D. Fla. June 20, 2006))

7.      This action arises from claimed Hurricane Ian damage to the single family residence located at 2051 SE 20th Lane, Cape Coral, Florida.

8.      Hartford first learned of the claim when Mr. Robert Pauly reported flood and wind damage to Hartford on or about September 30, 2022.

9.      Following notice of this claim, Hartford's representative inspected and photographed the property on October 9, 2022.

10. Following its investigation, Hartford formally responded to Plaintiffs' Hurricane Ian claim by letter dated October 12, 2022.[2]

11. A closer look at Hartford's October 12, 2002 letter reveals that the first sentence states (emphasis added):[3]

> "We have ***completed our investigation*** and regret to inform you that we must respectfully deny coverage for a portion of your loss…"

12. Accordingly, Hartford's October 12, 2022 correspondence signifies the date when Hartford completed its investigation and determined that no payments were due.

13. As a result, any internal documents generated after October 12, 2022 are protected under the work product doctrine pursuant to binding legal precedent in this District. *Id.*

14. In its initial Response to Plaintiff's Request for Production, Defendant produced the estimates exchanged between the parties, photographs of the subject property taken during an inspection on October 9, 2022, and claims file correspondence sent to the insureds.

15. Defendant concedes that any letters or emails exchanged between Hartford and Plaintiffs and/or their public adjuster are subject to production in this litigation.

---

[2] See **Exhibit B**, Partial Denial and Below Deductible Letter dated October 12, 2022.
[3] See **Exhibit B**.

16.    Admittedly, there were additional email exchanges that should have been produced in Defendant's initial production, but were omitted in error.

17.    After noticing the error, Defendant submitted two additional productions bated Auto 1-156 and Auto 157 through 279 on August.[4]    Defendant believes it has produced all of the documents in its possession, save the log notes dated after the October 12, 2022 claims decision.

18.    Bate numbers Auto 110, Auto 120 and Auto 129 include the same emails from Mr. Berenguer to Rene Espinosa dated January 12, 2023, that are referenced in Plaintiff's Motion to Compel.    Specifically, those emails concern the contents estimate referenced on page four of Plaintiff's motion.

19.    However, the emails bated Auto 110, Auto 120 and Auto 129 do not include the follow up email referencing a request for photographs because that email is not contained within the documents in the undersigned's possession.

20.    After a thorough review of the emails in the undersigned's possession, we were unable to locate that one email.

21.    Despite this, Plaintiffs' counsel had the opportunity to authenticate the missing email in her possession during her deposition of Mr. Berenguer, thereby removing any potential prejudice Plaintiffs may be claiming.

22.    Defendant is unable to produce an email that it does not have.

---

[4] See **Composite Exhibit C**, Service of Court email producing additional documents bate numbered Auto 1-156 and Auto 157-279.

23.    Moreover, Defendant has amended its privilege log to include a weather report, draft estimate and February 15, 2023 invoice and email from Donan Engineering, which are the only remaining documents not produced to the undersigned's knowledge.

24.    Plaintiffs also move for an order compelling the production of missing claim payments. As the undersigned explained in email correspondence to Attorney Riddle, the references to "payments made" during Plaintiffs' depositions and in the Automatic Discovery responses were based upon *the undersigned's error*.[5]

25.    The undersigned confirmed via email that no claim payments were issued, which is consistent with Mr. Berenguer's testimony that the contents check was not *actually issued*.

26.    In addition, the undersigned recently amended its Automatic Discovery Responses to reflect that no claim payments were issued.[6]

27.    Despite Plaintiffs' claim on page five of its motion that Mr. Berenguer "confirmed unequivocally…that…he created a $8,953.30 check for contents," the motion neglects to mention that Mr. Berenguer also testified that the check was *never issued* to Plaintiffs.

28.    Defendant cannot produce what it does not have.  Because no contents

---

[5] See **Exhibit D**, email correspondence from the undersigned confirming that no claim payments issued.
[6] See **Exhibit E**, Amended Automatic Discovery Responses.

claim payment was issued, there is no check to produce.

29.     Plaintiff additionally requests documentation regarding a second payment, which Mr. Berenguer confirmed was *not* made to Plaintiffs.

30.     Again, the undersigned confirmed in an email to Attorney Riddle that no claim payments whatsoever were issued to Plaintiffs, and that any reference to same on her part was purely *an error*.

31.     Any references to payments not made to Plaintiffs that are contained with any other claim file documents are protected under the work product privilege.

32.     First, based on Mr. Berenguer's testimony it is clear that any references to checks within the claim file documents occurred after October 12, 2022, which is the date that Hartford completed its investigation and formally responded to the claim.

33.     Second, given that testimony confirms that the payments were not actually issued to Plaintiffs, it is unclear how the payment is relevant to the needs of this litigation.

34.     This is a coverage dispute involving a claimed breach of contract for failure to issue claim payments to Plaintiffs.    Any payments made for administrative purposes (or otherwise) are not proportional to the discovery needs of this case.

WHEREFORE, based on the foregoing, the undersigned respectfully requests that this Honorable Court enter an Order denying Plaintiffs' Motion to Compel the production of additional documents, and any other relief this Court deems just and proper under the circumstances.

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/ Tracy A. Jurgus*

TRACY A. JURGUS, ESQ.
Florida Bar No.:  483737
tjurgus@butler.legal
Secondary:   anorwitch@butler.legal
Mail Center:  400 N. Ashley Drive, Suite 2300
                       Tampa, Florida  33602
Telephone:  (305) 416-9998
Facsimile:   (305) 416-6848
*Attorneys for Defendant, Hartford Insurance*
*Company of the Midwest*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system on September 11, 2023, on all counsel or parties of record on the Service List Below.

/s/ Tracy A. Jurgus

TRACY A. JURGUS, ESQ.

### SERVICE LIST

John E. Hughes, III, Esq.
McLuskey, McDonald & Hughes, P.A.
The Barrister Building
8821 Southwest 69th Court
Miami, FL  33156
eservice@mmlawmiami.com
Secondary:  jhughes@mmlawmiami.com; rmalpert@mmlawmiami.com
*Attorneys for Plaintiffs, Robert and Sandra Pauly*

John W. McLuskey, Esq.
McLuskey, Mcdonald & Hughes, P. A.
The Barrister Building
8821 Southwest 69th Court
Miami, FL  33156-1623
jmcl@mmlawmiami.com
Secondary:  eservice@mmlawmiami.com; fhudson@mmlawmiami.com
*Attorneys for Plaintiffs, Robert and Sandra Pauly*

Lisa A. Riddle, Esq.
McLuskey, McDonald & Hughes, P.A.
The Barrister Building
8821 Southwest 69th Court
Miami, FL  33156
lriddle@mmlawmiami.com
Secondary:  eservice@mmlawmiami.com; fhudson@mmlawmiami.com
*Attorneys for Plaintiffs, Robert and Sandra Pauly*