UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT PAULY and SANDRA PAULY,

    Plaintiffs,

v.                                            Case No.:  2:23-cv-259-SPC-KCD

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiffs Robert and Sandra Pauly's Motion to Compel Defendant to Produce Documents. (Doc. 42.) Defendant Hartford Insurance Company of the Midwest responded (Doc. 47), making the matter ripe.

This is a Hurricane Ian case. At issue is Plaintiffs' request number four, which seeks a complete copy of their insurance claim file. (Doc. 42-1 at 2.) No problem there. The Hurricane Ian Scheduling Order's requires an insurer to automatically disclose all non-privileged documents in the claims file. (Doc. 7 at 13.) Hartford certified it would comply with this disclosure without objection. (Doc. 18.) But even looking at the issue anew, the Court is satisfied the claim file is relevant and proportional discovery. *See Smith v. USAA Cas.*

*Ins. Co.*, No. 3:22CV21728/MCR/ZCB, 2023 WL 2554937, at *4 (N.D. Fla. Feb. 21, 2023). Thus, to the extent Hartford lodges any objection to production, beyond privilege, such objections are overruled.

Still, Plaintiffs say there are certain unprivileged documents from the claim file that Hartford has yet to produce. Hartford responds that it supplemented its production, essentially within minutes of the motion to compel being filed, and there is nothing more. (Doc. 47-3.) Considering the supplemental production, the Court will deny the remainder of Plaintiffs' motion as moot. Plaintiffs can file a new motion they wish to contest the sufficiency of the supplemental production.

One last issue. Plaintiffs also allege that Hartford is improperly withholding documents from the claim file under a work product privilege. (Doc. 61.) But it's not entirely clear what Hartford is withholding because its privilege log makes only vague reference to the claim file. (*See* Doc. 61-2.) The Court thus directs Hartford to provide an updated privilege log within fourteen days. The updated privilege log must identify each document withheld and the basis for the privilege claim. *See, e.g.*, *Walker v. GEICO Indem. Co.*, No. 6:15-CV-1002-ORL-41-KRS, 2016 WL 11578802, at *2 (M.D. Fla. May 20, 2016). If a dispute remains after Plaintiffs receive the updated privilege log, they can file a motion to challenge the privilege designations.

**ORDERED** in Fort Myers, Florida on October 5, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

3