UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NUMBER: 2:23-cv-00259-SPC-KCD

ROBERT PAULY and SANDRA PAULY,

    Plaintiffs,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION

COMES NOW, the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Hartford"), and files this Response to Plaintiffs' Second Motion to Compel Documents Responsive to Request for Production [D.E. 70] and states:

### Introduction

Plaintiffs' second Motion to Compel once again seeks production of claim file notes concerning a Contents check that was *not* issued. Although Plaintiffs claim that further discovery is required to determine why the "missing" Contents check cannot be produced and why the some of the damage is not covered, these questions have already been definitively and consistently answered by the deposition

testimony of Defendant's corporate representative, Luis Berenguer and Brian Vehslage. In addition, Plaintiffs claim that Defendant failed to produce additional emails reflecting when Mr. Makkaoui provided draft reports, final reports and drawings to Defendant. However, for the reasons outlined below, Defendant maintains that this email was created after the date of anticipated litigation.

## Law and Argument

### Date of Anticipated Litigation

1. Plaintiffs continue to seek the production of documents prepared in anticipation of litigation, and to delve into multiple aspects of information Defendant is legally entitled to protect.

2. The instant lawsuit involves a simple one-count breach of contract action related to whether Hartford properly indemnified Plaintiffs for damage alleged to result from Hurricane Ian [D.E. 5].

3. This is not an action for bad faith, and therefore Plaintiffs are not entitled to inquire into bad faith-related discovery. *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 703 (S.D. Fla.2007).

4. At issue is Plaintiffs' Request for Production number 4, which requests "[a] copy of the complete claim files pertaining to the subject loss, including home office, regional and field adjuster files, pertaining to Plaintiffs' claim, excluding First Request for Production to Defendant privileged matters…", to which Defendant

timely objected.[1]

5.    The basis asserted for the objection was that the request was not proportional to the needs of the case given the request for home office and regional files, and that it appeared to exceed permissible discovery concerning covered damages, and instead impermissibly delve into procedural issues concerning bad faith.

6.    In addition, Defendant served two privilege logs identifying privileged log notes prepared after October 12, 2022—the date on which two claims letters were issued.

7.    The first letter notified Plaintiffs that their assessed damage fell below the applicable deductible, while the second letter contained a partial denial for excluded damage resulting from surface water and wear and tear.  Both letters were produced to Plaintiffs on June 1, 2023.[2]

8.    Hartford does not contest the fact that pursuant to case law in the Middle District of Florida, "there is a rebuttable presumption that documents prepared prior to a claim's denial were not created in anticipation of litigation, and conversely, those created after were." *Cape Christian Fellowship, Inc. v. Landmark Am. Ins. Co.*, No. 2:20-CV-410-JLB-NPM, 2021 WL 1293611, at *4 (M.D. Fla. Apr.

---

[1] See **Exhibit A**, Defendant's Response to Request for Production (pleading only).
[2] Both letters were produced as part of Defendant's initial production and were bate stamped DEFS RESP TO RFP 000335-000339.

7, 2021) (quoting *Judith Redden Tr. v. Lincoln Nat'l Life Ins. Co.*, No. 13-cv-81017, 2014 WL 12461357, *2 (S.D. Fla. Aug. 26, 2014).

9.      Furthermore, "an insurance carrier may rebut this presumption by 'specific evidentiary proof of objective facts, that a reasonable anticipation of litigation existed when the document was produced.'" *Id.* (quoting *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 703 (S.D. Fla. 2007).

10.      While both parties have continued to battle over the disclosure of whether certain documents are protected work product, Defendant maintains that the date of anticipated litigation is October 12, 2022.[3]

11.      Hartford's final coverage decision was made on October 12, 2022, and this is made clear through the very first sentence of its coverage determination letter sent to Plaintiffs, which states:

> "We have ***completed our investigation*** and regret to inform you that ***we must respectfully deny coverage*** for a portion of your loss . . ."

(Emphasis added).

12.      Hartford's denial letter dated October 12, 2022 marks the date when Plaintiffs could have filed suit to contest Hartford's final decision—and therefore could reasonably anticipate litigation.

13.      Plaintiffs maintain that this Court "resolutely" decided the issue of the

---

[3] See **Exhibit B**, a true and correct copy of Hartford's declination letter dated October 12, 2022.

anticipated date of litigation. However, this was not addressed in the Court's Order in response to Plaintiff's First Motion to Compel. [D.E. 62].

14. Instead, this Court discussed the date of anticipated litigation in its Order on Defendant's Motion to Quash the subpoena Plaintiffs served on Tarik Makkaoui. [D.E. 50]

15. In support of Hartford's Motion to Quash, it mistakenly attached as an Exhibit the below deductible letter issued on October 12, 2023 [D.E. 31-1], instead of the denial letter on that same date that illustrated its point.

16. Accordingly, this Court's determination in response to the Motion to Quash was not entered based on all of the relevant documents, and therefore should not be binding on the present motion [D.E. 70] before this Court.

***Plaintiffs' Motion to Compel Discovery Related to Contents Payments***

17. Any questions Plaintiffs may have had as to whether a payment has been issued for coverage under the policy's Contents limits have already been answered, extensively, on *multiple* occasions.[4]

18. Plaintiffs continue to insist that a check was issued based on the testimony of Luis Berenguer, even though Mr. Berenguer's testimony clearly establishes that he had to obtain approval to issue the check and that his supervisor,

---

[4] See **Exhibit C**, Dep. Trans. of K. Dodd, pp. 71:7-12; 75:13-18; 76:1-14; s*ee also*, Dep. Trans. of Luis Berenguer [D.E. 70-4, pp. 3-6]. Furthermore, see Plaintiffs' comments concerning the deposition taken of Hartford's claims supervisor, Brian Vehslage [D.E. 70 at 11].

Brian Vehslage, did not approve the requested payment because there were no images of the reportedly damaged items.[5]

19.    Interestingly, Plaintiffs insinuate that the undersigned raised an improper *ore tenus* Motion for Protective Order reasserting a denied protection, yet failed to attach the transcript of Brian Vehslage to support this assertion.

20.    Perhaps the transcript of Mr. Vehslage was not attached to Plaintiffs' motion [D.E. 70] because Mr. Vehslage clearly and consistently testified that the Contents check at issue was requested by Mr. Berenguer, but was not approved because photographs of the reportedly damaged items were missing.  In fact, Mr. Vehslage's testimony resolutely clarified that no Contents check was issued.

21.    If the issue was still in doubt, Hartford's corporate representative offered the following binding testimony to clarify this point: [6]

> **Q.**    And my question is, had Hartford offered or issued a check to cover the contents at the Pauly's home?
> **A.**    Did Hartford?
>
> **Q.**    Yes.
> **A.**    No, we did not.

22.    Based on the foregoing, the testimony and evidence are clear in establishing that no Contents check was ever issued because further documentation was needed to support the claimed damage.

---

[5] See [D.E. 70-4, pp. 5:24-6:10].
[6] See **Exhibit C**, Dep. Trans. K. Dodd, p. 71:7-12.

23.     Despite this, Plaintiffs continue to insist that there is a basis to review log notes created after the date of anticipated litigation.  It appears that the motive to further delve into this issue is not for clarification, but instead is an attempt to show bad faith violations, which are not permissible in this coverage-related action.

24.     Plaintiffs fail to establish a basis to allow further discovery into work product protected claims file information.  Accordingly, their motion [D.E. 70] must be denied.

***Plaintiffs Motion to Compel Email Correspondence Transmitting the PE Report***

25.     As to the second alleged failure to provide the email transmitting Mr. Makkaoui's report to Hartford, Defendant maintains that this email was created after the anticipated date of litigation.

26.     As noted above, Defendant's failure to attach both letters sent to Plaintiffs on October 12, 2022 ultimately led to this Court's conclusion [D.E. 50 at 9], that February 16, 2023 was the date of anticipated litigation in responding to the Motion to Quash the subpoena issued to Tarik Makkaoui.  However, the claims file documents attached herein reflect that the claim was actually denied on October 12, 2022.

27.     While Plaintiffs have attempted to painted a picture showing that

Defendant is trying to "deceptively . . . swap out letters"[7] sent on October 12, 2022, without providing an explanation as to why one October 12, 2022 letter controlled Hartford's coverage decision over another, the fact remains that **both** letters were provided to Plaintiffs on October 12, 2022, and on June 1, 2023, both letters were produced to Plaintiffs' counsel in response to their Request for Production.[8]

***Defendant's Privilege Logs***

28.    Furthermore, in response to Plaintiffs' accusation that Hartford's Amended Privilege Log remains deficient, and that it otherwise "did not include any of the court-requested specificity for any documents listed on the original Privilege Log,"

29.    Hartford amended its privilege log to identify the name of every document it withheld, along with the dates the documents appeared to have been created.  Hartford also cited case law in support of the claimed privilege and attached quoted language from Hartford's October 12, 2022 coverage letter that clearly indicate the finality of its coverage decision. [9]

30.    The basis for withholding all of the documents was made clear in the privilege log, and it would be difficult to add additional details to the privilege log

---

[7] See Plaintiffs' Second Motion to Compel Defendant to Produce Documents Responsive to Request for Production, [D.E. 70 at 3].

[8] On June 1, 2023, the undersigned produced both October 12, 2022 letters to Plaintiffs in Defendant's Response to Request for Production, bate stamped "DEFS RESP to RFP-000335-000339".

[9] See **Exhibit C**, Defendant's Amended Privilege Log.

that would not divulge privileged information itself.

31.    Plaintiffs also assert that Hartford impermissibly added documents to the privilege log.  However, Defendant was simply identifying in detail all privileged documents, as instructed by this Court.

32.    Plaintiffs fail to establish any basis to warrant further amendments to Defendant's privilege log.

WHEREFORE, based on the foregoing, the undersigned respectfully requests that this Honorable Court enter an Order denying Plaintiffs' Second Motion to Compel the production of additional documents, declare October 12, 2022 as the anticipated date of litigation, and any other relief this Court deems just and proper under the circumstances.

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/ Tracy A. Jurgus*

TRACY A. JURGUS, ESQ.
Florida Bar No.:  483737
tjurgus@butler.legal
AMY FUERTES, ESQ.
afuertes@butler.legal
Secondary:   phutson@butler.legal
Mail Center:  400 N. Ashley Drive, Suite 2300
                        Tampa, Florida  33602
Telephone:  (305) 416-9998
Facsimile:   (305) 416-6848
*Attorneys for Defendant, Hartford Insurance Company of the Midwest*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system on December 26, 2023, on all counsel or parties of record on the Service List Below.

*/s/ Tracy A. Jurgus*
TRACY A. JURGUS, ESQ.

## SERVICE LIST

John E. Hughes, III, Esq.
McLuskey, McDonald & Hughes, P.A.
The Barrister Building
8821 Southwest 69th Court
Miami, FL  33156
eservice@mmlawmiami.com
Secondary:  jhughes@mmlawmiami.com; rmalpert@mmlawmiami.com
*Attorneys for Plaintiffs, Robert and Sandra Pauly*

John W. McLuskey, Esq.
McLuskey, Mcdonald & Hughes, P. A.
The Barrister Building
8821 Southwest 69th Court
Miami, FL  33156-1623
jmcl@mmlawmiami.com
Secondary:  eservice@mmlawmiami.com; fhudson@mmlawmiami.com
*Attorneys for Plaintiffs, Robert and Sandra Pauly*

Lisa A. Riddle, Esq.
McLuskey, McDonald & Hughes, P.A.
The Barrister Building
8821 Southwest 69th Court
Miami, FL  33156
lriddle@mmlawmiami.com
Secondary:  eservice@mmlawmiami.com; fhudson@mmlawmiami.com
*Attorneys for Plaintiffs, Robert and Sandra Pauly*