UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT PAULY and SANDRA
PAULY,

     Plaintiffs,

v.                         Case No.:  2:23-cv-259-SPC-KCD

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

     Defendant.

_____/

## <u>ORDER</u>

Before the Court is the latest discovery dispute in this insurance litigation stemming from Hurricane Ian. Defendant Hartford Insurance Company of the Midwest was earlier directed to provide an updated privilege log that "identif[ied] each document withheld and the basis for the privilege claim." (Doc. 62 at 2.)[1] Hartford has amended its privilege log (Doc. 70-2), but according to Plaintiffs Robert and Sandra Pauly, it "remains insufficient . . . as a matter of law." (Doc. 70 at 1.) They thus seek an order "overrul[ing] the privilege assertion as to all documents listed." (*Id.* at 12.)

Plaintiffs press several arguments. But starting with the self-labeled "most basic," they claim the amended privilege log "is fatally lacking in

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

sufficient detail." (Doc. 70 at 5.) The Court disagrees. The amended privilege log has all the information required. Hartford has identified the nature of the document withheld, the date it was created (if ascertainable), and the privilege claimed. Nothing more is needed in the context of this dispute and considering the requirements described in the scheduling order. (*See* Doc. 7 at 5 ("A detailed privilege log is not required. Instead, documents withheld as privileged, or work-product protected communications may be described briefly by category or type.").)

Plaintiffs cite several cases in which courts rejected privilege logs "that simply identified documents in a claims file as privileged." (Doc. 70 at 5.) But that is not what we have here. Hartford is not asserting a blanket privilege over the claim file. The amended privilege log, rather, identifies discrete documents protected from disclosure based on their author or content.

Plaintiffs' second argument targets the scope of the amended privilege log. They claim Hartford "used this Honorable Court's invitation to clarify its privilege log (for the purpose of privilege analysis) to opportunistically add extensive documentation not previously identified as protected." (Doc. 70 at 4.) This argument is also unpersuasive. Hartford's first privilege log, with its two abstruse entries, left the reader unable to determine what was withheld. Thus, it's far from clear that Hartford added items as opposed to merely clarified what was already represented. In the end, the Court is satisfied with

Hartford's claim that it "was simply identifying in detail all privileged documents, as instructed." (Doc. 72 at 9.)

The fundamental issue underlying Plaintiffs' remaining arguments is the timing of when Hartford's work-product immunity began. "[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). This discretion extends to rulings about the applicability of the work-product doctrine. *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). And the party claiming work-product immunity always has the burden to establish the claimed protection. *Id.* at 1189. An insurer is generally "entitled to work-product immunity for those documents created after [it] denied the claim for coverage." *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 698 (S.D. Fla. 2007).

The amended privilege log has four entries, all of which identify documents created after October 12, 2022. (Doc. 70-2.) Hartford is claiming each is work-product. This is improper, according to Plaintiffs, because "[the] Court had already ruled that February 16, 2023 is the true date that a coverage determination was made." (Doc. 70 at 7.) And "[t]he coverage determination date determines what documents are privileged from disclosure in a homeowner's insurance context." (*Id.*)

Some additional context is needed to understand Plaintiffs' argument. Hartford previously moved to quash a subpoena served on a consulting engineer hired to inspect the property. (Doc. 31.) The dispute boiled down to whether the expert was "retained in anticipation of litigation" because the observations and opinions of a retained expert "are protected under Rule 26(b)(4)(D)." (*Id.*) But otherwise, the expert is "subject to discovery like any other witness." (*Id.*)

To resolve this dispositive question, the Court observed there is "a rebuttable presumption that materials created 'prior to a claim's denial were not created in anticipation of litigation, and conversely, those created after were.'" (Doc. 50 at 6 (citing *Cape Christian Fellowship, Inc. v. Landmark Am. Ins. Co.*, No. 2:20-CV-410-JLB-NPM, 2021 WL 1293611, at *4 (M.D. Fla. Apr. 7, 2021))). Hartford said it denied Plaintiffs' claim in a letter dated October 12, 2022, making any materials created after that date privileged. But the Court was not convinced because the letter attached to Hartford's motion did not use the term "deny" or anything similar. It instead stated the claim remained open and was subject to review if more information was provided. (*Id.*) The Court found that another letter, dated February 16, 2023, served as the denial letter, and thus the date on which the work-product protection was triggered.

Hartford now says that it "mistakenly attached" a deductible letter dated October 12, 2022, to the motion to quash, instead of a denial letter, dated the

same day. (Doc. 72 at 5; Doc. 72-2.) The first sentence of the denial letter states: "We have completed our investigation and regret to inform you that we must respectfully deny coverage for a portion of your loss." (Doc. 72-2 at 1.) Thus, according to Hartford, Plaintiffs' claim was denied on October 12, 2022, and that is the date any work-product protection arose.

Plaintiffs assert that Hartford is trying to "[d]eceptively and without any explanation, . . . swap out letters to abandon the prior October 12, 2022 letter . . . and now substituting a different letter dated October 12, 2022, in sole support of Hartford's position that it made a full coverage determination on that date." (Doc. 70 at n.1.) But that's not what we have here. The letter isn't new (as Plaintiffs acknowledge). It was submitted by Hartford back in early September when responding to a motion to compel. (Doc. 47-3.) Further, Hartford isn't trying to distance itself from the October letter it submitted with the motion to quash. Hartford explains, "The first letter notified Plaintiffs that their assessed damage fell below the applicable deductible, while the second letter contained a partial denial for excluded damage resulting from surface water and wear and tear. Both letters were produced to Plaintiffs on June 1, 2023." (Doc. 72 at 3.) A review of both letters supports Hartford's assertions. (*See* Docs. 31-1, 72-2.)

As a fallback position, Plaintiffs argue they cannot confirm that "either letter was ever mailed[,] but take the position that Defendant's admissions in

one letter must persist regardless of its intention to benefit by another same-dated letter averring differently." (Doc. 70 at n.1.) First, to the extent Plaintiffs are claiming they didn't receive the denial letter, even if true, that wouldn't alter the analysis. The issue is when did *Hartford* reasonably anticipate litigation by denying the claim, not when Plaintiffs became aware of the decision. *See Judith Redden Tr. v. Lincoln Nat'l Life Ins. Co.*, No. 13-CV-81017, 2014 WL 12461357, at *3 (S.D. Fla. Aug. 26, 2014). And second, the argument that the Court must hold Hartford to the first-filed October letter and ignore the second is unsupported and illogical. At bottom, Hartford denied coverage on October 12, 2022, and from that date forward, Plaintiffs were free to sue Hartford for breach of contract. *See Tower Hill Select Ins. Co. v. McKee*, 151 So. 3d 2, 3 (Fla. Dist. Ct. App. 2014) ("When [the insurer] denied coverage[,] a valid dispute as to the existence of a covered loss under the insurance policy arose."). Accordingly, that is when the work-product protection triggered, and Hartford is entitled to withhold the documents identified in the amended privilege log.[2]

Finally, Plaintiffs have asked to file a reply brief. (Doc. 73.) But additional briefing is unnecessary as the issues are straightforward.

Accordingly, it is **ORDERED**:

---

[2] Plaintiffs have not proven (or even argued) exceptional circumstances that would warrant overriding Hartford's privilege claim and requiring discovery of the withheld documents. *See, e.g.*, *Spirit Master Funding, LLC v. Pike Nurseries Acquisition, LLC*, 287 F.R.D. 680, 687 (N.D. Ga. 2012).

1. Plaintiffs' Motion to Compel (Doc. 70) is **DENIED**.

2. Plaintiffs' Motion for Leave to File a Reply (Doc. 73) is **DENIED**.

**ORDERED** in Fort Myers, Florida on January 29, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record